Stephen M. Feldman, OSB No. 93267, feldm@perkinscoie.com
Thomas R. Johnson, OSB No. 01064, johnt@perkinscoie.com
PERKINS COIE LLP
1211 Southwest Fifth Avenue, Suite 1500
Portland, OR 97204-3715
Phone: (503) 727-2058
Fax: (503) 727-2222

Attorneys for Plaintiffs

Jerre B. Swann, jswann@kilpatrickstockton.com
William H. Brewster, bbrewster@kilpatrickstockton.com
R. Charles Henn, Jr., chenn@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Of Counsel for Plaintiffs

**ORIGINAL**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| ADIDAS AMERICA, INC. and ADIDAS-SALOMON AG, <br><br> Plaintiffs, <br><br> v. <br><br> PAYLESS SHOESOURCE, INC., <br><br> Defendant. | NO. **CV 01 - 1655 JE** <br><br> **COMPLAINT** <br><br> (Trademark & Trade Dress Infringement, Trademark & Trade Dress Dilution, Unfair Competition, Deceptive Trade Practices, and Breach of Contract) <br><br> **DEMAND FOR JURY TRIAL** |

PAGE 1- COMPLAINT

[09901-0001/PA013110.106]  #440738

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

Dockets.Justia.com

1  Plaintiffs adidas America, Inc. and adidas-Salomon AG (collectively, "adidas" or

2  "Plaintiffs") state the following for their complaint against Payless ShoeSource, Inc. ("Payless" or

3  "Defendant"):

4

5      1.    This is an action at law and in equity for trademark infringement and dilution,

6  injury to business reputation, unfair competition and deceptive trade practices, arising under the

7  Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (1994) ("Lanham Act"); the antidilution laws

8  of the several states, including the Oregon antidilution statute, O.R.S. § 647.107 (1988); the fair

9  business practices and unfair and deceptive trade practices acts of the several states, including the

10  Oregon Unlawful Trade Practices Act, O.R.S. §§ 646.605 to 646.656 (1997); and the common

11  law.

12      2.    Defendant is offering for sale and selling footwear that bears confusingly similar

13  imitations of Plaintiffs' registered THREE STRIPE Mark and SUPERSTAR Trade Dress.

14  Defendant's footwear is not manufactured by adidas, nor is Defendant connected or affiliated

15  with, or authorized by, adidas in any way. Defendant's merchandise is likely to cause confusion

16  and to deceive consumers and the public regarding its source, and dilutes and tarnishes the

17  distinctive quality of adidas's mark and trade dress.

18      3.    Defendant's sale of confusingly similar four-stripe footwear also constitutes breach

19  of an agreement reached between the parties in 1994.

20                         **JURISDICTION AND VENUE**

21      4.    This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15

22  U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over

23  Plaintiffs' related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367. In

24  addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties'

25  citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and

26  costs.

PAGE  2-  COMPLAINT

**PERKINS COIE LLP**
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

1     5.      This Court has personal jurisdiction over Defendant because, on information and

2    belief, Defendant has distributed or sold infringing merchandise within this State, has engaged in

3    acts or omissions within this State causing injury, has engaged in acts or omissions outside of this

4    State causing injury within this State, has manufactured or distributed products used or consumed

5    within this State in the ordinary course of trade, or has otherwise made or established contacts

6    with this State sufficient to permit the exercise of personal jurisdiction.  This District is a proper

7    venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions

8    giving rise to Plaintiffs' claims occurred in this District.

9                         **THE PARTIES**

10    6.      Plaintiff adidas-Salomon AG is a joint stock company organized and existing under

11    the laws of the Federal Republic of Germany, having its office and principal place of business at

12    Postfach 1120, D-91072 Herzogenaurach, Federal Republic of Germany.

13    7.      Plaintiff adidas America, Inc., is a corporation organized and existing under the

14    laws of the State of Delaware, having its principal place of business at 9605 S.W. Nimbus

15    Avenue, Beaverton, Oregon 97008.  adidas America, Inc., is wholly-owned by adidas-Salomon

16    AG and its affiliates, and within this country adidas America is one of two licensed distributors of

17    ADIDAS brand merchandise, including goods bearing the distinctive THREE STRIPE trademark.

18    Plaintiffs adidas-Salomon AG and adidas America, Inc., and any predecessors or related entities,

19    are collectively referred to as "adidas."

20    8.      On information and belief, Defendant Payless ShoeSource, Inc. is a Delaware

21    corporation with a principal place of business at 3231 East Sixth Street, Topeka, Kansas 66607.

22            **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

23    9.      adidas is currently, and for years has been, one of the world's leading

24    manufacturers of athletic footwear, sportswear, and sporting equipment.  Over forty years ago,

25    adidas first placed three parallel bands on its athletic shoes, and the THREE STRIPE Mark came

26

PAGE  3-   COMPLAINT

**PERKINS COIE LLP**
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

1  to signify the quality and reputation of adidas footwear to the sporting world early in the

2  company's history.

3     10.    At least as early as 1952, adidas began using the THREE STRIPE Mark on

4  athletic footwear sold in the United States and worldwide.  Pages from adidas catalogs featuring

5  footwear bearing the THREE STRIPE Mark are attached as Exhibit 1.

6     11.    adidas-Salomon AG is the owner of a federal trademark registration, Reg. No.

7  1,815,956, issued by the United States Patent and Trademark Office on January 11, 1994, for the

8  THREE STRIPE Mark, as depicted below, for "athletic footwear."



13  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058

14  and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this

15  mark is attached as Exhibit 2.

16     12.    adidas-Salomon AG is the owner of a federal trademark registration, Reg. No.

17  1,833,868, issued by the United States Patent and Trademark Office on May 3, 1994, for the

18  THREE STRIPE Mark, as depicted below, covering "athletic footwear."



23  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058

24  and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this

25  mark is attached as Exhibit 3.

26

PAGE  4-  COMPLAINT

13.     adidas also owns numerous additional trademark registrations for the THREE STRIPE Mark covering footwear and various items of apparel including U.S. Reg. Nos. 870,136, 961,353, 2,016,963, and 2,058,619.  A copy of the Certificate of Registration for each of these marks is attached as Exhibit 4.

14.     Plaintiffs' THREE STRIPE Mark is well-known and famous. Plaintiffs have used the THREE STRIPE Mark in connection with their frequent sponsorship of sports tournaments and organizations, as well as professional athletes.  For example, adidas has long-term relationships with the New York Yankees, the San Francisco 49ers, the Tampa Bay Buccaneers, the New England Patriots, the University of California at Los Angeles, the University of Nebraska and the University of Tennessee.  Among many others, tennis champion Steffi Graf, American soccer star Eddie Pope, and N.B.A. star Kobe Bryant all are sponsored by adidas.  adidas also was a co-sponsor of the recent women's World Cup soccer tournament.   Prominent use of the THREE STRIPE Mark in connection with these sponsorship activities has further enhanced the mark's recognition and fame.

15.     The THREE STRIPE mark is non-functional, and the public well recognizes and understands that the THREE STRIPE Mark distinguishes and identifies adidas merchandise.  Indeed, unsolicited media coverage has referred to "the classic Adidas THREE STRIPE motif." (Tennis, July 1997, at 20).  adidas also owns federal registrations for verbal trademarks using the term "three stripe" including THE BRAND WITH THE THREE STRIPES, Reg. No. 1,674,229, for sport and leisure wear.  A copy of the Certificate of Registration for this mark is attached as Exhibit 5.

16.     For decades, adidas has extensively and continuously used and promoted the THREE STRIPE Mark in connection with athletic footwear and sportswear.  In recent years, annual sales of products bearing the THREE STRIPE Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.  The THREE STRIPE Mark has achieved international fame and tremendous public recognition.

PAGE  5-   COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

1    17.    The SUPERSTAR model is a famous shoe sold under the THREE STRIPE Mark,

2    featuring a distinctive appearance, including a unique and nonfunctional combination of three

3    stripes on the side of the shoe parallel to equidistant small holes, a rubber "shell toe," a

4    particularly flat sole and a colored portion on the outer back heel section, that identifies to

5    consumers that the origin of the product lies with adidas (the "SUPERSTAR Trade Dress"), as

6    depicted below:



15    18.    Since introducing its THREE STRIPE trademark and SUPERSTAR Trade Dress,

16    adidas has spent hundreds of thousands of dollars promoting the mark, the product, and its

17    appearance. As a result of adidas's continuous and exclusive use of the THREE STRIPE

18    trademark and the SUPERSTAR Trade Dress in connection with its products, the mark and trade

19    dress enjoy wide public acceptance and association with adidas, and have come to be recognized

20    widely and favorably by the public as indicators of the origin of adidas's goods.

21    19.    The fame and popularity of the SUPERSTAR Trade Dress, and particularly the

22    "shell toe" feature, is evident from popular press reports, including the following:

24    •    "Perfect to chill to, dust off the Adidas shell toes, post up on the stoop, and blare it

25          out the window."  Heather Kuldell, "Beastie Boys DJ Scratches Your Eyes Out,"

26          The Georgia State University Signal, Sept. 27, 2001.

PAGE  6-   COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

- "New York's biggest trendsetters are going public with their locker room gear this summer . . . . Annemie Dreves - a.k.a. 'Number 56' - pairs this football-style jersey with well-worn jeans slit at the ankles and shell-toe Adidas." Danielle Levitt & Libby Callaway, "Gym Dandies," <u>The New York Post</u>, Sept. 2, 2001.

- "One such shoe is the Adidas Superstar, with its now famous rubber shell toe. Introduced in 1969 as a basketball shoe, it was worn by three-quarters of National Basketball Association players by the mid '70s but fell in popularity in the '80s, when chunky Nikes and Reeboks dominated. Championed by rappers Run DMC, who wrote My Adidas in 1986, and later the Beastie Boys, they became a cult fashion item, prompting Adidas to re-release old models." Dominique Jackson, "Sneaky Feelings," <u>The Australian</u>, Aug. 17, 2001.

- "This season she's wearing fraying and faded Earl Jeans, Adidas shell toes and an asymmetric top." <u>PR Week</u>, July 13, 2001, p. 11.

- "dido . . . In her urban chic attire, she is an English rose with a thorny edge . . . . For casual days, she gravitates toward Adidas shell-toe sneakers, T-shirts with iron-on decals, and Katayone Adeli or Diesel pants." Heidi Sherman, "Amped + Vamped: Sample the Style High Notes of Destiny's Child, Sheryl Croe, Macy Gray and More," <u>In Style</u>, July 2001, at 186.

- "But when Michele Corbett stopped in during her lunch hour to buy a pair of popular Adidas called Superstars (some call them shell toes), she was told that particular pair was not on sale." Bruce Mohl, "Old-Fashioned Bill-Paying Gets New Wrinkle," <u>The Boston Globe</u>, May 13, 2001, at C3.

PAGE 7- COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

- "'It's hard for me not to be passionate, because passion is something that's in me,' says the 22-year-old star, decked out in diamonds and a white linen Enyce suit with Adidas shell-toe sneakers." Farrah Weinstein, "Style and Substance: Tyrese Gibson," The New York Post, July 1, 2001, at 52.

- "He expects the trefoil group to appeal to women as it already does to high school girls who favor the brand's shell-toe shoes and three-stripe jackets." Rosemary Feitelberg, "Adidas Maps Three-Tier Apparel Plan," Women's Wear Daily, Oct. 12, 2000, at 11.

- "Fusing rock with hip-hop has been the subject of experiments before many nu-metal groups could fit into a pair of shell-toe Adidas." Chris Macias, "Kings of Rock N' Rap," Sacramento Bee, Oct. 17, 1999, at E19.

20.    As a result of adidas's extensive use and promotion of its THREE STRIPE trademark and its SUPERSTAR Trade Dress, adidas has built up and now owns valuable goodwill that is symbolized by the mark and trade dress. The purchasing public has come to associate the THREE STRIPE trademark and SUPERSTAR Trade Dress with adidas. adidas's mark and trade dress are distinctive and non-functional and have achieved significant secondary meaning.

## THE AGREEMENT BETWEEN THE PARTIES

21.    In 1994, Payless sold footwear bearing three and four parallel stripes, and which infringed adidas's THREE STRIPE mark. As a result, adidas filed an action for trademark infringement and unfair competition in the United States District Court for the Eastern District of New York, Civil Action No. 94-civ-3424 (the "New York Action").

PAGE  8-   COMPLAINT

1    22.    adidas and Payless resolved the New York Action by entering into a settlement

2    agreement (the "Agreement"), in which Payless acknowledged adidas's ownership of the THREE

3    STRIPE mark.

4    23.    The Agreement states, in part, that: "Payless further agrees that it will not, except

5    as otherwise provided herein, order or sell athletic shoes bearing two or four parallel double-

6    serrated stripes of contrasting color running diagonally from the outsole forward to the lacing

7    area."

8    24.    The Agreement further states that in the event of a willful breach of the provision

9    referenced above in Paragraph 23, adidas "will be entitled to recover its proveable [sic] damages

10   and its reasonable costs and attorneys' fees."

11                        **DEFENDANT'S UNLAWFUL ACTIVITIES**

12   25.    On information and belief, Defendant Payless is a retailer that is distributing,

13   offering for sale and selling goods in interstate commerce that bear a confusingly similar imitation

14   of Plaintiffs' THREE STRIPE Mark and SUPERSTAR Trade Dress, including the footwear

15   depicted below:

16

17

18

19                                  

20

21

22

23

24   26.    The goods distributed, offered for sale and sold by Defendant are not

25   manufactured by adidas, nor is Defendant associated or connected with adidas, or licensed,

26   authorized, sponsored, endorsed or approved by adidas in any way.

PAGE  9-   COMPLAINT

27.     Plaintiffs used the THREE STRIPE Mark and SUPERSTAR Trade Dress extensively and continuously before Defendant began using confusingly similar imitations of adidas's footwear.

28.     The goods sold by Defendant are similar to and compete with goods sold by Plaintiffs, and are sold through overlapping channels of trade.

29.     Defendant's use of confusingly similar imitations of Plaintiffs' THREE STRIPE Mark and SUPERSTAR Trade Dress is likely to deceive, confuse and mislead prospective purchasers and purchasers into believing that footwear sold by Defendant is manufactured by, authorized by or in some manner associated with Plaintiffs, which it is not.  The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of Plaintiffs' mark and trade dress is causing irreparable harm to the goodwill symbolized by the THREE STRIPE Mark and SUPERSTAR Trade Dress and the reputation for quality that they embody.

30.     Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers and others viewing Defendant's footwear at the point of sale or on a wearer are likely -- due to Defendant's use of confusingly similar imitations of the THREE STRIPE Mark and SUPERSTAR Trade Dress -- to mistakenly attribute the product to adidas.  This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products.  By causing such a likelihood of confusion, mistake and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the THREE STRIPE Mark and SUPERSTAR Trade Dress, and the reputation for quality that they embody.

31.     Upon information and belief, Defendant continues to use confusingly similar imitations of adidas's THREE STRIPE trademark and SUPERSTAR Trade Dress in connection with the sale of products that are directly competitive to those offered by adidas. Defendant began selling these imitations well after adidas established protectable rights to its THREE STRIPE trademark and SUPERSTAR Trade Dress.

PAGE  10-  COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

32.    On information and belief, Defendant knowingly, willfully, intentionally and maliciously adopted and used confusingly similar imitations of Plaintiffs' THREE STRIPE Mark and SUPERSTAR Trade Dress.

33.    On information and belief, Defendant knowingly, willfully, and intentionally breached the Agreement by selling footwear bearing four parallel stripes.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

34.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-33.

35.    Defendant's use of confusingly similar imitations of Plaintiffs' THREE STRIPE Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiffs, or associated or connected with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

36.    Defendant has used marks confusingly similar to Plaintiffs' federally registered marks in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the federally registered THREE STRIPE Mark, for which Plaintiffs have no adequate remedy at law.

37.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' federally registered THREE STRIPE Mark to Plaintiffs' great and irreparable injury.

38.    Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

[09901-0001/PA013110.106]

**PERKINS COIE LLP**
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition as to Three Stripe Mark)

39.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-38.

40.     Defendant's use of knockoff duplicates or confusingly similar imitations of Plaintiffs' THREE STRIPE Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiffs, or affiliated, connected, or associated with Plaintiffs or have the sponsorship, endorsement, or approval of Plaintiffs.

41.     Defendant has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the THREE STRIPE Mark, for which Plaintiffs have no adequate remedy at law.

42.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' THREE STRIPE Mark to the great and irreparable injury of Plaintiffs.

43.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition as to Superstar Trade Dress)

44.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-43.

45.     Plaintiffs' SUPERSTAR Trade Dress has acquired secondary meaning.

46.     Defendant's use of knockoff duplicates or confusingly similar imitations of Plaintiffs' SUPERSTAR Trade Dress has caused and is likely to cause confusion, deception, and

PAGE  12- COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

1  mistake by creating the false and misleading impression that Defendant's goods are manufactured

2  or distributed by Plaintiffs, or affiliated, connected, or associated with Plaintiffs or have the

3  sponsorship, endorsement, or approval of Plaintiffs.

4      47.    Defendant has made false representations, false descriptions, and false designations

5  of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused

6  and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception

7  of members of the trade and public and, additionally, injury to Plaintiffs' goodwill and reputation

8  as symbolized by the SUPERSTAR Trade Dress, for which Plaintiffs have no adequate remedy at

9  law.

10     48.    Defendant's actions demonstrate an intentional, willful, and malicious intent to

11 trade on the goodwill associated with Plaintiffs' SUPERSTAR Trade Dress to the great and

12 irreparable injury of Plaintiffs.

13     49.    Defendant's conduct has caused, and is likely to continue causing, substantial injury

14 to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover

15 Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable

16 attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

17          **FOURTH CLAIM FOR RELIEF**
           **(Federal Dilution as to Three Stripe Mark)**
18
19     50.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-49.

20     51.    Plaintiffs have extensively and continuously promoted and used the registered

21 THREE STRIPE Mark both in the United States and throughout the world, and the mark has

22 thereby become a famous and well-known symbol of adidas's goods and services.

23     52.    Defendant is making commercial use in commerce of marks that dilute and are

24 likely to dilute the distinctiveness of Plaintiffs' THREE STRIPE Mark by eroding the public's

25 exclusive identification of this famous mark with Plaintiffs, tarnishing and degrading the positive

26

PAGE  13-  COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

1  associations and prestigious connotations of the mark, and otherwise lessening the capacity of the

2  mark to identify and distinguish goods and services.

3        53.    Defendant's actions demonstrate an intentional, willful, and malicious intent to

4  trade on the goodwill associated with Plaintiffs' THREE STRIPE Mark or to cause dilution of the

5  THREE STRIPE Mark, to the great and irreparable injury of Plaintiffs.

6        54.    Defendant has caused and will continue to cause irreparable injury to Plaintiffs'

7  goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiffs' famous

8  and distinctive THREE STRIPE Mark in violation of 15 U.S.C. § 1125(c), and Plaintiffs therefore

9  are entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and

10  damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

11                      **FIFTH CLAIM FOR RELIEF**
                **(Federal Dilution as to Superstar Trade Dress)**
12
13        55.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-54.

14        56.    Plaintiffs have extensively and continuously promoted and used the SUPERSTAR

15  Trade Dress both in the United States and throughout the world, and the SUPERSTAR Trade

16  Dress has thereby become a famous and well-known indicator of the origin adidas's goods and

17  services.

18        57.    Defendant is making commercial use in commerce of trade dress that dilutes and is

19  likely to dilute the distinctiveness of Plaintiffs' SUPERSTAR Trade Dress by eroding the public's

20  exclusive identification of this famous trade dress with Plaintiffs, tarnishing and degrading the

21  positive associations and prestigious connotations of the trade dress, and otherwise lessening the

22  capacity of the trade dress to identify and distinguish goods and services.

23        58.    Defendant's actions demonstrate an intentional, willful, and malicious intent to

24  trade on the goodwill associated with Plaintiffs' SUPERSTAR Trade Dress or to cause dilution of

25  the SUPERSTAR Trade Dress, to the great and irreparable injury of Plaintiffs.

26

PAGE  14- COMPLAINT

**PERKINS COIE LLP**
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

1    59.    Defendant has caused and will continue to cause irreparable injury to Plaintiffs'

2    goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiffs' famous

3    and distinctive SUPERSTAR Trade Dress in violation of 15 U.S.C. § 1125(c), and Plaintiffs

4    therefore are entitled to injunctive relief and to Defendant's profits, actual damages, enhanced

5    profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116

6    and 1117.

7                          **SIXTH CLAIM FOR RELIEF**
8            **(State Trademark Dilution and Injury to Business Reputation**
             **as to Three Stripe Mark)**

9    60.    Plaintiffs repeat and incorporate by reference the allegations contained in

10   paragraphs 1-59.

11   61.    Plaintiffs have extensively and continuously promoted and used the registered

12   THREE STRIPE Mark both in the United States and throughout the world, and the mark has

13   become a distinctive, famous and well-known symbol of adidas's goods and services.

14   62.    Defendant's unauthorized use of Plaintiffs' registered THREE STRIPE Mark

15   dilutes and is likely to dilute the distinctiveness of Plaintiffs' mark by eroding the public's exclusive

16   identification of this famous mark with Plaintiffs, and tarnishing and degrading the positive

17   associations and prestigious connotations of the mark.

18   63.    Defendant is causing and will continue to cause irreparable injury to Plaintiffs'

19   goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiffs' famous

20   and distinctive THREE STRIPE Mark in violation of the Oregon antidilution act, O.R.S. §

21   647.107 (1988), as well as the antidilution laws of the several states, including Alabama, Ala.

22   Code § 8-12-17 (1993); Arkansas, Ark. Code Ann. § 4-71-113 (Michie 1996); California, Cal.

23   Bus. & Prof. Code § 14330 (West 1987 & Supp. 1998); Connecticut, Conn. Gen. Stat. Ann. §

24   35-11i(c) (West 1997); Delaware, Del. Code Ann. tit. 6, § 3313 (1993); Florida, Fla. Stat. Ann. §

25   495.151 (West 1997); Georgia, Ga. Code Ann. § 10-1-451 (1994); Idaho, Idaho Code § 48-512

26   (1997); Illinois, 765 Ill. Comp. Stat. Ann. 1036/65 (West 1998); Iowa, Iowa Code Ann. §

PAGE  15-  COMPLAINT

**PERKINS COIE LLP**
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

1 548.113 (West 1997); Louisiana, La. Rev. Stat. Ann. § 51:223.1 (West 1987); Maine, Me. Rev.

2 Stat. Ann. tit. 10, § 1530 (West 1996); Massachusetts, Mass. Gen. L. ch. 110B, § 12 (West Supp.

3 1990); Minnesota, Minn. Stat. Ann. § 325D.165 (1995); Mississippi, Miss. Code Ann. § 75-25-

4 25 (Supp. 1997); Missouri, Mo. Rev. Stat. § 417.061(1) (1990 & Supp. 1998); Montana, Mont.

5 Code Ann. § 30-13-334 (1995); Nebraska, Neb. Rev. Stat. § 87-122 (1995); New Hampshire,

6 N.H. Rev. Stat. Ann. § 350-A:12 (1995); New Mexico, N.M. Stat. Ann. § 57-3B-15 (Supp.

7 1997); New York, N.Y. Gen. Bus. Law § 360-1 (McKinney 1996); Pennsylvania, 54 Pa. Cons.

8 Stat. Ann. § 1124 (West 1996); Rhode Island, R.I. Gen. Laws. § 6-2-12 (1992); Tennessee, Tenn.

9 Code Ann. § 47-25-512 (1995); Texas, Tex. Bus. & Com. Code Ann. § 16.29 (West Supp.

10 1998); Washington, Wash. Rev. Code Ann. § 19.77.160 (West Supp. 1997); West Virginia, W.

11 Va. Code § 47-2-13 (1996); and Wyoming, Wyo. Stat. Ann. § 40-1-115 (Michie 1997). Plaintiffs

12 therefore are entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced

13 damages and reasonable attorneys' fees.

14 **SEVENTH CLAIM FOR RELIEF**
**(State Trade Dress Dilution and Injury to Business Reputation**
15 **as to Superstar Trade Dress)**

16 64. Plaintiffs repeat and incorporate by reference the allegations contained in

17 paragraphs 1-63.

18 65. Plaintiffs have extensively and continuously promoted and used the SUPERSTAR

19 Trade Dress in the United States and throughout the world, and the trade dress has become a

20 distinctive, famous and well-known symbol of adidas's goods and services.

21 66. Defendant's unauthorized use of Plaintiffs' SUPERSTAR Trade Dress dilutes and

22 is likely to dilute the distinctiveness of Plaintiffs' trade dress by eroding the public's exclusive

23 identification of this famous trade dress with Plaintiffs, and tarnishing and degrading the positive

24 associations and prestigious connotations of the trade dress.

25 67. Defendant is causing and will continue to cause irreparable injury to Plaintiffs'

26 goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiffs' famous

PAGE 16- COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

1 and distinctive SUPERSTAR Trade Dress in violation of the Oregon antidilution act, O.R.S. §

2 647.107 (1988), as well as the antidilution laws of the several states, including Alabama, Ala.

3 Code § 8-12-17 (1993); Arkansas, Ark. Code Ann. § 4-71-113 (Michie 1996); California, Cal.

4 Bus. & Prof. Code § 14330 (West 1987 & Supp. 1998); Connecticut, Conn. Gen. Stat. Ann. §

5 35-11i(c) (West 1997); Delaware, Del. Code Ann. tit. 6, § 3313 (1993); Florida, Fla. Stat. Ann. §

6 495.151 (West 1997); Georgia, Ga. Code Ann. § 10-1-451 (1994); Idaho, Idaho Code § 48-512

7 (1997); Illinois, 765 Ill. Comp. Stat. Ann. 1036/65 (West 1998); Iowa, Iowa Code Ann. §

8 548.113 (West 1997); Louisiana, La. Rev. Stat. Ann. § 51:223.1 (West 1987); Maine, Me. Rev.

9 Stat. Ann. tit. 10, § 1530 (West 1996); Massachusetts, Mass. Gen. L. ch. 110B, § 12 (West Supp.

10 1990); Minnesota, Minn. Stat. Ann. § 325D.165 (1995); Mississippi, Miss. Code Ann. § 75-25-

11 25 (Supp. 1997); Missouri, Mo. Rev. Stat. § 417.061(1) (1990 & Supp. 1998); Montana, Mont.

12 Code Ann. § 30-13-334 (1995); Nebraska, Neb. Rev. Stat. § 87-122 (1995); New Hampshire,

13 N.H. Rev. Stat. Ann. § 350-A:12 (1995); New Mexico, N.M. Stat. Ann. § 57-3B-15 (Supp.

14 1997); New York, N.Y. Gen. Bus. Law § 360-1 (McKinney 1996); Pennsylvania, 54 Pa. Cons.

15 Stat. Ann. § 1124 (West 1996); Rhode Island, R.I. Gen. Laws. § 6-2-12 (1992); Tennessee, Tenn.

16 Code Ann. § 47-25-512 (1995); Texas, Tex. Bus. & Com. Code Ann. § 16.29 (West Supp.

17 1998); Washington, Wash. Rev. Code Ann. § 19.77.160 (West Supp. 1997); West Virginia, W.

18 Va. Code § 47-2-13 (1996); and Wyoming, Wyo. Stat. Ann. § 40-1-115 (Michie 1997). Plaintiffs

19 therefore are entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced

20 damages and reasonable attorneys' fees.

21 ## EIGHTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

22

23        68.      Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-67.

24        69.      Defendant's acts constitute common law trademark infringement and unfair

25 competition, and have created and will continue to create a likelihood of confusion to the

26

PAGE 17- COMPLAINT

**PERKINS COIE LLP**
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

irreparable injury of Plaintiffs unless restrained by this Court. Plaintiffs have no adequate remedy at law for this injury.

70.     On information and belief, Defendant acted with full knowledge of Plaintiffs' use of, and statutory and common law rights to, the THREE STRIPE Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

71.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' THREE STRIPE Mark to the great and irreparable injury of Plaintiffs.

72.     As a result of Defendant's acts, Plaintiffs have been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Plaintiffs are entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and to costs. In light of the deliberately fraudulent and malicious use of confusingly similar imitations of Plaintiffs' THREE STRIPE Mark, and the need to deter Defendant from similar conduct, Plaintiffs additionally are entitled to punitive damages.

## NINTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

73.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-72.

74.     Defendant has been and is passing off its goods as those of adidas, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with another, and otherwise damaging the public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of Oregon's Unlawful Trade Practices Act, O.R.S. §§ 646.605 to 646.656 (1997), and the unfair and deceptive trade practices statutes of other states, including Colorado, Colo. Rev. Stat. Ann. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, Del. Code Ann. tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, Ga. Code Ann. §§ 10-1-370 to 10-1-375 (1994); Hawaii,

PAGE  18- COMPLAINT

**PERKINS COIE LLP**
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

Haw. Rev. Stat. §§ 481A-1 to 481A-5 (1993); Illinois, 815 Ill. Comp. Stat. Ann. 510/1 to 510/7 (1993); Maine, Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216 (West 1996); Minnesota, Minn. Stat. Ann. § 325D.43 to .48 (West 1995); Nebraska, Neb. Rev. Stat. §§ 87-301 to 87-306 (1995); New Mexico, N.M. Stat. Ann. §§ 57-12-1 to 57-12-22 (Michie 1995); New York, N.Y. Gen. Bus. L. § 349 (McKinney 1988); Ohio, Ohio Rev. Code Ann. §§ 4165.01 to 4165.04 (West 1995); and Oklahoma, Okla. Stat. Ann. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998).

75.     Defendant's unauthorized use of confusingly similar imitations of Plaintiffs' THREE STRIPE Mark has caused and is likely to cause substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover damages, punitive damages, costs and reasonable attorneys' fees.

## TENTH CLAIM FOR RELIEF
### (Breach of Contract)

76.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-75.

77.     Plaintiffs and Defendant are parties to the Agreement, which is valid and binding and was supported by adequate consideration.

78.     Defendant's activities described herein constitute a willful and material breach of the Agreement. In particular, by ordering or selling footwear that bears a confusingly similar imitation of adidas's Three Stripe Mark and Superstar Trade Dress as described herein, Defendant has willfully and materially breached the provision of the Agreement stating that "Payless . . . agrees that it will not . . . order or sell athletic shoes bearing two or four parallel double-serrated stripes of contrasting color running diagonally from the outsole forward to the lacing area."

79.     As a result of Defendant's breach of the Agreement, Plaintiffs have suffered and will continue to suffer injury.

80.     Plaintiffs are entitled to damages resulting from Defendant's breach of the Agreement, including reasonable costs and attorneys' fees.

PAGE 19- COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

1.      Defendant and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined permanently, from:

      a.      using the THREE STRIPE Mark, SUPERSTAR Trade Dress, or any other copy, reproduction, or colorable imitation or simulation of Plaintiffs' THREE STRIPE Mark or SUPERSTAR Trade Dress on or in connection with Defendant's goods or services;

      b.      using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks, service marks, names, or logos of Plaintiffs;

      c.      using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiffs, or are sponsored or authorized by or in any way connected or related to Plaintiffs;

      d.      using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of Plaintiffs; and

      e.      passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of Plaintiffs, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

PAGE 20- COMPLAINT

**PERKINS COIE LLP**
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

2.      Defendant be ordered to recall all products bearing the THREE STRIPE Mark, SUPERSTAR Trade Dress or any other confusingly similar mark, which have been shipped by Defendant or under its authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

3.      Defendant be ordered to deliver up for impoundment and for destruction all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Defendant that are found to adopt, to infringe, or to dilute any of Plaintiffs' trademarks or trade dress or that otherwise unfairly compete with Plaintiffs and their products and services;

4.      Defendant be compelled to account to Plaintiffs for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

5.      Plaintiffs be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Defendant's knowing and intentional use of confusingly similar imitations of Plaintiffs' THREE STRIPE Mark and SUPERSTAR Trade Dress, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.      Defendant be required to pay to Plaintiffs the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), the Agreement, and the state statutes cited in this Complaint;

8.      Based on Defendant's willful and deliberate infringement and dilution of Plaintiffs' marks and trade dress, and to deter such conduct in the future, Plaintiffs be awarded punitive damages; and

9.      Plaintiffs have such other and further relief as the Court may deem just.

PAGE 21- COMPLAINT

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000

[09901-0001/PA013110.106]

# JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

Dated: November 8th, 2001.

PERKINS COIE LLP

By _Steph M. Feldm_
Stephen M. Feldman, OSB No. 93267
Thomas R. Johnson, OSB No. 01064
Telephone: (503) 727-2000

Attorneys for Plaintiffs

Jerre B. Swann
William H. Brewster,
R. Charles Henn, Jr.
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Of Counsel for Plaintiffs

PAGE 22- COMPLAINT

[09901-0001/PA013110.106]

PERKINS COIE LLP
1211 S.W. FIFTH AVENUE, SUITE 1500
PORTLAND, OREGON 97204
(503) 727-2000



676911 At Once

676912 At Once

672428 At Once

669163 At Once

669162 At Once

672429 At Once

991266 At Once

676877 02 | 01 | 02

676878 02 | 01 | 02

672428 02 | 01 | 02

**Superstar 2G**
Upper: Full grain leather; Shell toe
Midsole / Outsole: Molded EVA midsole. Non-marking
herringbone rubber outsole.
Sizes: 6.5-15, 16, 17, 18, 19, 20

$ 69.99
F98595

676911 Running White / Forest
676912 Running White / Steel Grey
672428 Running White / University Red
669163 Running White / Black / Running White
672429 Black / Running White
669162 Running White / New Navy
669166 Running White / Fr...ning White / Silver
676877 Running White / Royal Techno
676878 Running White / Gold Techno

Exhibit 1
Page 4 of 4
Complaint

Exhibit 1
Page 3 of 4
Complaint

675970

01 01 1 02

adifIT

**Galaxy I**

$ 30.99
F15908

Upper: Nylon mesh and synthetic leather.
Midsole / Outsole: Rubber outsole.
Sizes: 2, 3, 4, 5-10

675970 Dark Indigo / Metallic Silver / Apollo / White

677616

01 01 1 02

**Superstar 2G J**

$ 49.99
F22980S

Upper: Full-grain leather. Shell toe.
Midsole / Outsole: Molded EVA midsole. Non-marking
herringbone rubber outsole.
Sizes: 3.5-6

677616 Running White / Onyx

677619

01 01 1 02

**Superstar 2G C**

$ 44.99
F22905

Upper: Full-grain leather. Shell toe.
Midsole / Outsole: Non-marking herringbone rubber
outsole.
Sizes: 10.5-3

677619 Running White / Onyx



## ORACLE CANVAS LOGO W F2475U $44.99

**Upper:** Double-stitched canvas.
**Midsole |Outsole:** Full rubber outsole.
**Profile:** A comfortable shoe for casual wear.
**Available In:** Men's, Women's
**Sizes:** 5-10,11



669388 Carissa | Running White 4|1|01



669389 Canvas | Chalk 4|1|01



669385 Hummus | Running White 4|1|01

669386 Zinc | Running White 4|1|01

669387 Orchid | Chalk | Running White 4|1|01

## ORACLE CANVAS STRIPES W F2475U $44.99

**Upper:** Double-stitched canvas.
**Midsole |Outsole:** Full rubber outsole.
**Profile:** A comfortable shoe for casual wear.
**Available In:** Men's, Women's
**Sizes:** 5-10,11



668894 New Navy | Running White | Gum 4|1|01



668895 Orchid | Chalk 4|1|01





668896 Zinc | Running White 4|1|01

Exhibit 1
Page 2 of 4
Complaint

{ BASKETBALL }

## SUPERSTAR 2G

**$69.99**

**Upper:** Full-grain leather.
**Midsole/Outsole:** Molded EVA midsole. Lateral TORSION® support. Non-marking herringbone traction rubber outsole.
**Profile:** Classic old-school style and versatility for the court and the street.

**Available in:** Sizes
**Sizes:** 6.5-15,16,17,18,19,20

adiPRENE
TORSION

**669165**

Black|Black

7|1|01



**669164**

Blue|Running White|Blue

7|1|01

**669166**

Running White|Running White|Silver

7|1|01

**669163**

Running White|Black|Running White

7|1|01



**672428**

Running White|University Red

7|1|01

**672429**

Black|Running White

7|1|01



**669162**

Running White|New Navy

7|1|01



PAGE: 7

Exhibit 1
Page 1 of 4
Complaint

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,815,956
Registered Jan. 11, 1994

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY JOINT STOCK COMPANY)
D-8522 HERZOGENAURACH, FED REP-GER-MANY

FOR: ATHLETIC FOOTWEAR, IN CLASS 25 (U.S. CL. 39).

FIRST USE 0–0–1952; IN COMMERCE 0–0–1952.

SEC. 2(F).

SER. NO. 74–255,912, FILED 3–16–1992.

MIDGE BUTLER, EXAMINING ATTORNEY

Exhibit 2
Page 1 of 1
Complaint

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,833,868
Registered May 3, 1994

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY JOINT
 STOCK COMPANY)
D-8522 HERZOGENAURACH, FED REP GER-
 MANY

 FOR: ATHLETIC FOOTWEAR, IN CLASS 25
(U.S. CL. 39).

FIRST USE 0-0-1949; IN COMMERCE
0-0-1978.
 SEC. 2(F).

 SER. NO. 74-263,512, FILED 4-7-1992.

MIDGE BUTLER, EXAMINING ATTORNEY

Exhibit 3
Page 1 of 1
Complaint

Int. Cl.: 25

Prior U.S. Cl.: 39

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 870,136
Registered May 27, 1969
Renewal Approved Apr. 2, 1990

## TRADEMARK
## PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORATION)
HERZOGENAURACH, FED REP GERMANY, BY MERGER WITH AND CHANGE OF NAME FROM ADIDAS-SPORTSCHUHFABRIKEN ADI DASSLER K.G. (FED REP GERMANY FIRM), HERZOGENAURACH, NEAR NUREMBERG, FED REP GERMANY

OWNER OF U.S. REG. NOS. 631,812, 738,673 AND OTHERS.

THE MARK CONSISTS OF THREE PARALLEL BANDS EXTENDING ALONG THE LENGTH OF EACH SLEEVE OF THE TRAINING SUIT AND ALONG THE LENGTH OF EACH LEG OF THE TROUSERS, THE BANDS ON THE SLEEVES BEING OF CONTRASTING COLOR TO THAT OF THE REMAINDER OF THE SLEEVE AND THE BANDS ON THE LEGS OF THE TROUSERS BEING OF CONTRASTING COLOR TO THAT OF THE REMAINDER OF THE TROUSER LEGS.

FOR: ATHLETIC TRAINING SUITS, IN CLASS 39 (INT. CL. 25).

FIRST USE 2-0-1967; IN COMMERCE 8-3-1967.

SER. NO. 72-302,478, FILED 7-11-1968.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 15, 1990.*

Exhibit 4
Page 1 of 4
Complaint

United States Patent and Trademark Office

Registered June 19, 1973
Renewal Term Begins June 19, 1993

10 Year Renewal

## TRADEMARK
## PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY JOINT STOCK COMPANY)
ADI-DASSLER STRASSE 1-2
D-8522 HERZOGENAURACH, FED REP GERMANY, BY CHANGE OF NAME, AND MERGER WITH ADIDAS SPORTSCHUHFABRIKEN ADI DASSLER K. G. (FED REP GERMANY FIRM), NUREMBERG, FED REP GERMANY

OWNER OF U.S. REG. NOS. 631,812, 870,136 AND OTHERS.

THE MARK COMPRISES THREE WHITE STRIPES EXTENDING ACROSS

THE BLUE BACKGROUND OF THE BOX CONTAINER AND THE OUTLINE OF THE CONTAINER BOX IS MADE TO APPEAR IN BROKEN LINES.

FOR: SPECIAL PURPOSE ATHLETIC SHOES, IN CLASS 22 (INT. CL. 25).

FIRST USE 0-0-1967; IN COMMERCE 0-0-1967.

FOR: GENERAL PURPOSE SPORT SHOES , IN CLASS 39 (INT. CL. 25).

FIRST USE 0-0-1967; IN COMMERCE 0-0-1967.

SER. NO. 72-358,532, FILED 5-1-1970.

*..imony whereof I have hereunto set my hand ...caused the seal of The Patent and Trademark ....ffice to be affixed on June 29, 1993.*

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,016,963

## United States Patent and Trademark Office

Registered Nov. 19, 1996

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORA-
TION)
P.O. BOX 1120
HERZOGENAURACH D–91072, FED REP GER-
MANY

    FOR: SPORTS AND LEISURE WEAR,
NAMELY JACKETS, IN CLASS 25 (U.S. CLS. 22
AND 39).
    FIRST USE 0–0–1967; IN COMMERCE
0–0–1967.
    OWNER OF U.S. REG. NO. 370,126.

    THE MARK CONSISTS OF THREE PARAL-
LEL BANDS POSITIONED ALONG THE
LENGTH OF EACH SLEEVE OF A JACKET.
THE DOTTED OUTLINE OF A JACKET IS
NOT PART OF THE MARK BUT IS MERELY
INTENDED TO SHOW THE POSITION OF THE
MARK.
    SEC. 2(F).

    SER. NO. 74–653,296. FILED 3–23–1995.

ANIL V. GEORGE, EXAMINING ATTORNEY

Exhibit 4
Page 3 of 4
Complaint

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,058,619
Registered May 6, 1997

# TRADEMARK
## PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORATION)
P.O. BOX 1120
HERZOGENAURACH D–91072, FED REP GERMANY

FOR: SPORTS AND LEISURE WEAR, NAMELY SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0–0–1967; IN COMMERCE 0–0–1967.

OWNER OF U.S. REG. NO. 870,136.

THE MARK CONSISTS OF THREE PARALLEL BANDS POSITIONED ALONG THE LENGTH OF EACH SLEEVE OF A SHIRT. THE DOTTED OUTLINE OF A SHIRT IS NOT PART OF THE MARK BUT IS MERELY INTENDED TO SHOW THE POSITION OF THE MARK.

SEC. 2(F).

SER. NO. 74–653,301, FILED 3–28–1995.

ANIL V. GEORGE, EXAMINING ATTORNEY

Exhibit 4
Page 4 of 4
Complaint

Int. Cls.: **18, 25 and 28**

Prior U.S. Cls.: **3, 22 and 39**

Reg. No. 1,674,229

# United States Patent and Trademark Office

Registered Feb. 4, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## THE BRAND WITH THE THREE STRIPES

ADIDAS AG (FED REP GERMANY CORPORA-
TION)
D-8522 HERZOGENAURACH, FED REP GER-
MANY

FOR: SPORT BAGS FOR GENERAL USE
AND CROSS-COUNTRY BACK-PACKS, IN
CLASS 18 (U.S. CL. 3).
FIRST USE 1-0-1968; IN COMMERCE
1-0-1968.
FOR: SPORT AND LEISURE WEAR;
NAMELY, SHORTS, PANTS, SHIRTS, T-
SHIRTS, JERSEYS, TIGHTS, SOCKS, GLOVES,
JACKETS, SWIMWEAR, SWEATERS, CAPS
AND HATS, PULL-OVERS, WARM-UP SUITS,
RAIN SUITS, SKI SUITS, JUMPSUITS, BOOTS,
SLIPPERS, SANDALS; SHOES, BOOTS AND
AFTER SKI BOOTS FOR HIKING AND TREK-
KING, ATHLETIC SHOES AND GENERAL-
PURPOSE SPORTS SHOES, IN CLASS 25 (U.S.
CL. 39).

FIRST USE 1-0-1968; IN COMMERCE
1-0-1968.
FOR: SPORTS BALLS, RACKETS FOR
TENNIS, SQUASH OR SHUTTLECOCK; ICE
AND ROLLERSKATES, SKIS AND SKI EQUIP-
MENT; NAMELY, CROSS-COUNTRY SKIBIND-
INGS AND PARTS THEREOF, CROSS-COUN-
TRY SKIING OVERSHOES, RACKET COVERS,
HAND-PADDLES AND KICKBOARDS, IN
CLASS 28 (U.S. CL. 22).

FIRST USE 1-0-1968; IN COMMERCE
1-0-1968.
OWNER OF U.S. REG. NOS. 641,906, 1,428,947
AND OTHERS.
SEC. 2(F).

SER. NO. 74-023,435, FILED 1-29-1990.

JANICE O'LEAR, EXAMINING ATTORNEY

Exhibit 5
Page 1 of 1
Complaint

Exh 12