**Milo Petranovich, OSB No. 81337**
petranovichm@lanepowell.com
**Kenneth R. Davis, II, OSB No. 97113**
davisk@lanepowell.com
**LANE POWELL SPEARS LUBERSKY** LLP
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  (503) 778-2100
Facsimile:  (503) 778-2200
    Attorneys for Defendant Payless ShoeSource, Inc.

**William A. Rudy, Esq.**
wrudy@lathropgage.com
**Stephen J. Horace, Esq.**
shorace@lathropgage.com
**David V. Clark, Esq.**
dclark@lathropgage.com
**David R. Barnard, Esq.**
dbarnard@lathropgage.com
**LATHROP & GAGE L.C.**
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2612
Telephone:  (816) 292-2000
Facsimile:  (816) 292-2001
    Of Counsel for Defendant Payless ShoeSource, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, and **ADIDAS-SALOMON AG**,<br><br>                    Plaintiffs,<br><br>    v.<br><br>**PAYLESS SHOESOURCE, INC.**,<br><br>                    Defendant. | No. CV01-1655 RE<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT**<br><br>By Defendant Payless ShoeSource, Inc.<br><br>EXPEDITED HEARING REQUESTED |

PAGE 1 -   MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR
           EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

Defendant, Payless ShoeSource, Inc., ("Payless") respectfully submits this Memorandum in Opposition to the Motion for Extension of Time to Submit Report of Damages Expert filed by Plaintiffs Adidas America, Inc. and Adidas Salomon AG (collectively "Adidas" or "Plaintiffs"). In addition to the arguments made below, Payless incorporates by reference the Motion to Strike which Payless filed on September 12, 2003.

## INTRODUCTION

In its Motion for Extension of Time to Submit Report of Damages Expert ("Motion"), Adidas asks this court to extend the deadline to file initial damages expert reports by thirty (30) days. The basis for Adidas' request is its silent, uninduced and unreasonable reliance on statements made by Payless' counsel to the effect that Payless intended to file a motion seeking to bifurcate damages and willfulness issues from liability issues. More particularly, in August 2003, Payless' counsel indicated to Adidas' counsel that Payless intended to file a bifurcation motion in this case if the case did not settle after a mediation to be held on September 5 and 6, 2003. Contrary to Adidas' contentions, these statements were merely indications of Payless' then present intent—not an unequivocal commitment to which Payless would be inexorably bound. Moreover, in response to each communication in which the proposed bifurcation motion was discussed, Adidas' counsel consistently and repeatedly informed Payless' counsel that Adidas was wholly opposed to bifurcation. During none of these pre-mediation discussions of Payless' plan to file a bifurcation motion did Adidas' counsel ever once indicate that Adidas was calling a halt to the preparation of its initial damages expert report.

PAGE 2 -    MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Prior to the mediation held on September 5 and 6, Payless had no reason whatsoever to believe that in sole reliance on Payless' expressed intention to file a bifurcation motion if the case did not settle, Adidas supposedly ceased all work by any damages expert it had retained. To the contrary, as set forth below, Adidas' insistence that Payless immediately produce advice of counsel information, which was an issue on which Payless planned to seek to bifurcation along with other damages issues, gave every outward indication that Adidas intended to pursue damages discovery and expert work with full vigor. Regardless of how many times Payless' counsel told Adidas' counsel of Payless' intention to file a bifurcation motion after the mediation, it simply was not reasonable for Adidas to rely on those statements for the purpose of calling a halt to the work of its damages expert without reaching an express agreement with Payless to that effect.

As conceded by Adidas, September 8, 2003-- the first business day after the mediation and a mere five days before the deadline for damages expert reports-- was the *first time* that Adidas' counsel ever indicated that Adidas wanted to delay the exchange of damages expert reports pending a ruling by the Court on any bifurcation motion filed by Payless.[1] Even then, Adidas' counsel did not indicate that Adidas supposedly had halted work on its damages expert report several weeks earlier upon hearing that Payless intended to file a bifurcation motion. It was not until Payless' counsel informed Adidas' counsel that Payless had decided not to file a bifurcation motion that Adidas' counsel first stated that Adidas had, on its own, called a halt to preparation of its damages-related expert report weeks earlier.

---

[1] Any reliance by Adidas on Payless' willingness to delay the exchange of damages expert reports was nevertheless unreasonable since Payless' counsel did not agree to such a proposal at that time, but indicated that he would have to run it by his client.

PAGE 3 -   MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

LANE POWELL SPEARS LUBERSKY LLP
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Payless believes that the Adidas' true motivation in seeking a 30 day extension of the damages expert report deadline is to allow Adidas to overhaul its damages theory in light of certain weaknesses in its current theory which were exposed in Payless' mediation statement. Adidas should not be allowed a thirty-day extension for the purpose of reworking its damages theory and finding an expert witness to support it. As set forth below, Payless will be prejudiced by the requested thirty-day extension. At most, Adidas should be given a one-week extension, since the first time it ever proposed delaying the exchange of expert reports was a mere five days before those reports were due.

## DISCUSSION

Payless does not dispute that in mid-August 2003, one of its attorneys, Stephen Horace, contacted R. Charles Henn, counsel for Adidas, and indicated that Payless *intended* to file a bifurcation motion. *See* Declaration of Stephen Horace ("Horace Declaration"), ¶ 2, contemporaneously filed herewith. During that conversation Mr. Henn gave no indication that Adidas would be halting the work of any damages expert it retained in reliance on Mr. Horace's statement that Payless intended to file a bifurcation motion. *Id*.

Nor does Payless dispute that one of its other attorneys working on the case, William Rudy, subsequently followed up with Mr. Henn in mid-August to discuss, among other things, the bifurcation motion that Payless *intended* to file. *See* Declaration of William A. Rudy ("Rudy Declaration"), ¶ 2, contemporaneously filed herewith. However, at no time during any of those conversations in mid-August, or in the exchange of e-mails on August 19, 2003, did Mr. Henn ever indicate that Adidas would be halting the work of any damages expert it retained in reliance on Mr. Rudy's statement that it was Payless' "*desire* to bifurcate discovery." *Id*. at ¶ 3. *See also*

PAGE 4 -   MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

Exhibit 1 to the Henn Declaration (emphasis added). To the contrary, as conceded in paragraph 4 of his declaration, Mr. Henn expressly stated that Adidas would <u>oppose</u> any such motion that would result in two separate trials and thereby delay damages discovery. *Id*. at 3. In a subsequent e-mail dated September 3, 2003, Mr. Rudy indicated that it was Payless' "*intention* to seek bifurcation of liability and damages phases of discovery and trial . . . ." Exhibit 2 of the Henn Declaration (emphasis added). In response to this e-mail, Mr. Henn never stated, or even intimated, that in reliance on Payless' intention to seek bifurcation, Adidas planned to cease all work by any damages expert it had retained. Rather, Mr. Henn responded by indicating that Adidas wanted to move forward with discovery concerning Payless' advice of counsel defense, which was an issue on which Payless planned to seek bifurcation along with other damages issues since willfulness would be a prerequisite to any award of Payless' profits on the accused shoes if liability were shown. Thus, Mr. Henn gave every indication that Adidas planned to go ahead full bore on the damages and willfulness issues which Payless at that time intended to make the subject of the bifurcation motion it was contemplating filing.

In its Motion for Extension, Adidas disingenuously claims that prior to the mediation on September 5 and 6, 2003,[2] based on the "unequivocal representations by Payless's counsel . . .", Adidas called a halt to the preparation of a damages expert report. *See* Adidas Memorandum in Support of its Motion, at 5 and Henn Declaration at ¶ 6. However, contrary to Adidas' contentions, neither Mr. Rudy nor Mr. Horace (or any other representative of Payless) ever indicated that Payless' intention to file a bifurcation motion was somehow unequivocal and unalterable. *See* Rudy Declaration at ¶ 5; Horace Declaration at ¶ 3. Rather, Payless' counsel

---

[2] In the papers filed in support of its Motion, Adidas intimates that the mediation has been completed; however, in actuality, the parties are continuing their mediation discussions.

PAGE 5 -   MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

merely informed Mr. Henn of Payless' "intention" and "desire" to file a motion to bifurcate damages and willfulness issues from liability issues. Like any intended course of action in litigation, Payless' intention to file a bifurcation motion was not cast in stone, but was fluid and subject to change.

More importantly, never once during any of the conversations and e-mails exchanged between counsel prior to the mediation on September 5 and 6 did Mr. Henn or any other Adidas representative ever indicate that even though Adidas was going to strenuously oppose any bifurcation motion filed by Payless, Adidas nevertheless planned to halt all work on the preparation of a damages expert report until the Court ruled on any such motion. Rudy Declaration at ¶ 5. Mr. Henn concedes as much in his Declaration in that he does not point to any communication he had with Payless' counsel prior to the mediation in which he indicated that, because of Payless' intention to file a bifurcation motion, Adidas was not going to serve a damages expert report by the September 12, 2003 deadline. To the contrary, Adidas gave every indication that its position was that discovery on both damages and willfulness issues would go full steam ahead unless and until the Court ordered otherwise.

In its Motion, Adidas tries to make much of the fact that, if Payless had filed a bifurcation motion, Payless' intention would have been to delay discovery on damages issues. While this is true, it completely ignores the fact that Payless unilaterally could not have prevented discovery from going forward on damages issues or from requiring that initial damages expert reports be served by the September 12, 2003 deadline simply by filing such a motion. The mere fact of filing a bifurcation motion would not have ensured that the Court would grant such motion, particularly given that Adidas was vehemently opposed to it. In fact, in light of Adidas' repeated

PAGE 6 -   MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

and consistent expressions of opposition to any bifurcation motion, Payless went ahead and continued to have its own damages expert prepare an initial report since damages discovery and the deadline for filing initial damages expert reports would not be stayed or otherwise postponed simply upon the mere filing of a bifurcation motion.

In short, prior to the mediation, Adidas' counsel never even hinted that Adidas was relying in any way on Payless' intention to file a bifurcation motion. Moreover, to the extent that Adidas did silently rely on Payless' indications that it intended to file a bifurcation motion, any such reliance was unreasonable, particularly in light of the repeated statements by Adidas' counsel that his client would oppose bifurcation and wanted immediate discovery on the advice of counsel defense which was one of the issues on which Payless intended to seek bifurcation.

It was not until <u>after</u> the mediation that Mr. Henn first indicated to Payless' counsel that Adidas wanted to delay the exchange of initial damages expert reports until after the Court had ruled on any bifurcation motion filed by Payless. *Id*. at ¶ 5. Up to that point, Adidas had never proposed such a delay or ever indicated that such a proposal was even on the radar screen. Mr. Henn admits that September 8, 2003, the first business day after the mediation, was the first time he ever suggested to Mr. Rudy that the parties agree to wait to produce damages-related expert reports until after the Court ruled on any bifurcation motion filed by Payless. *See* Henn Declaration, ¶ 10. Even then, Mr. Henn did not indicate that Adidas supposedly had halted work on its damages expert report several weeks earlier upon hearing that Payless intended to file a bifurcation motion.

It was not until Mr. Rudy informed Mr. Henn on September 11, 2003 that Payless had decided not to file a bifurcation motion that Mr. Henn stated that Adidas had, on its own, called a

PAGE 7 -    MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

halt to preparation of its damages-related expert report.  Rudy Declaration at ¶ 6.  More particularly, Mr. Henn indicated to Mr. Rudy that from their telephone conversations earlier in the week, he had understood that Payless was willing to agree to postpone the deadline for initial damages experts reports, and in reliance on his understanding of Payless' position, Adidas was not now in a position to serve its initial damages expert report by the September 12, 2003 deadline. *Id*. Since it had only been three days since the parties first talked of the possibility of postponing the deadline for initial damages expert reports, Payless' counsel indicated that in light of Adidas' counsel's alleged misunderstanding of Payless' position on the matter, Payless was willing to give Adidas three extra business days (five days in total) until September 17, 2003, to file its initial damages expert report. *Id*.  *See also* Exhibit 5 to the Henn Declaration.

As set forth in its Motion to Strike, Payless believes that Adidas' stated reason for its inability to timely serve its damages expert's initial report (*i.e.*, Adidas' silent reliance on Payless' intention to file a bifurcation motion which Adidas would oppose) is merely a "smokescreen" for the real reason that Adidas wants to extend the deadline for such reports— namely, that Adidas wants to change its damages theory at the eleventh hour. As part of the mediation, both sides submitted mediation statements to the mediator, and to each other, setting forth their respective positions.  In its mediation statement, Payless cited to factual evidence and case authority showing that Adidas would have a very difficult time proving the willfulness necessary to recover Payless' profits under 28 U.S.C. § 1117(a) and applicable Ninth Circuit precedent.[3]  Rudy Declaration at ¶ 7. It is more than mere coincidence that although expressly

---

[3] It is Payless' understanding that in certain of the companion trademark and trade dress cases which Adidas filed against other footwear companies who were also accused of infringing the Adidas trademarks and Superstar Trade Dress at issue in this case, Adidas chose not to name a damages expert and sought to recover the defendants' profits on the accused footwear as its measure of damages without using expert testimony.

PAGE 8 -   MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

opposed for weeks to any bifurcation motion which Payless might file, Adidas suddenly decided on the first business day after the mediation to propose delaying the exchange of damages expert reports for several weeks until the Court ruled on Payless' bifurcation motion.  Payless suspects that subsequent discovery of any damages expert retained by Adidas will reveal that this shift in damages theory did not occur until after Adidas received Payless mediation statement calling into doubt Adidas' ability to recover Payless' profits on the accused shoes.

Payless believes that it is eminently unfair for Adidas to try to postpone the filing of initial damages expert reports, particularly for 30 days, to allow it to try to come up with a sustainable damages theory.  Fact discovery is set to close on October 27, 2003.  If Adidas is allowed an extra 30 days to come up with a damages theory and an expert report to support it, Payless would have less than two weeks to conduct any fact discovery of Adidas witnesses as to the underlying bases supporting the damages expert report. Moreover, because of information gleaned from Payless' mediation statement, Adidas simply should not be allowed to postpone the exchange of damages expert reports at this late date in order to overhaul its damages theory.[4] Even if Adidas' stated reason for not having its damages expert report ready on time were to be believed, the Court, at most, should allow Adidas no longer than a one week extension to serve its initial damages expert report, since September 8, 2003, was the first time Adidas ever proposed postponing the exchange of damages expert reports, and thus, was the first conceivable

---

[4]  Because Adidas did not submit its initial damages expert report by the September 12, 2003 deadline, Payless does not believe it is fair for Adidas to profit from its dilatory tactics by being able to see Payless' initial damages expert report before Adidas is ready to serve its own such report. Accordingly, to evidence the fact that Payless timely completed and was ready to serve the initial report of its damages expert by the September 12, 2003 deadline, Payless on September 12, 2003 moved to file a copy of its initial damages report *in camera* with the Court so that the Court can verify that Payless had its damages report completed and ready to serve on Adidas by the deadline.

PAGE 9 -   MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

time upon which Adidas reasonably could have relied on any indication that Payless might be willing to agree to delay the service of such reports. Any further extension is simply not warranted.

DATED: September 16, 2003

            LANE POWELL SPEARS LUBERSKY LLP

            By /s/ Kenneth R. Davis, II
              Milo Petranovich, OSB No. 81337
              Kenneth R. Davis, II, OSB No. 97113
              Telephone: (503) 778-2100

            LATHROP & GAGE L.C.
              William A. Rudy
              Stephen J. Horace
              David V. Clark
              David R. Barnard
              Telephone: (816) 292-2000

            Attorneys for Defendant Payless ShoeSource, Inc.

PAGE 10 -   MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100