Milo Petranovich, OSB No. 81337
petranovichm@lanepowell.com
**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**LANE POWELL SPEARS LUBERSKY** LLP
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
    Attorneys for Defendant Payless ShoeSource, Inc.

**William A. Rudy, Esq.**
wrudy@lathropgage.com
**Stephen J. Horace, Esq.**
shorace@lathropgage.com
**David V. Clark, Esq.**
dclark@lathropgage.com
**David R. Barnard, Esq.**
dbarnard@lathropgage.com
**LATHROP & GAGE L.C.**
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2612
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
    Of Counsel for Defendant Payless ShoeSource, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, and **ADIDAS-SALOMON AG**, <br><br>        Plaintiffs, <br><br> v. <br><br> **PAYLESS SHOESOURCE, INC.**, <br><br>        Defendant. | No. CV01-1655 RE <br><br> **DECLARATION OF WILLIAM A. RUDY** <br><br> By Defendant Payless ShoeSource, Inc. In Support of Defendant's Memorandum in Opposition to Plaintiffs' Motion for Extension of Time to Submit Report of Damages Expert |

PAGE 1 - DECL OF W. RUDY IN SUPPORT OF DEF'S MEMO IN OPPOS TO PLTFS' MOTION FOR EXT OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

I, William A. Rudy, make the following Declaration:

1. I am an attorney with the law firm of Lathrop & Gage LC, which represents Defendant in this action. I am over the age of twenty-one. I am competent to make this Declaration and the facts set forth in this Declaration are based upon my personal knowledge.

2. In mid August, 2003, I had one or more conversations with R. Charles Henn, Jr., an attorney for Plaintiffs, in which we discussed, among other things, the fact that Payless intended to file a motion to bifurcate damages issues from liability issues. On August 19, 2003, I also exchanged emails with Mr. Henn in which the topic of bifurcation was discussed. *See* Exhibit 1 attached to the Declaration of R. Charles Henn, Jr ("Henn Declaration").

3. However, at no time during any of those conversations in mid August, or in the exchange of emails on August 19, 2003, did Mr. Henn ever indicate, or even suggest, that Adidas would be halting the work of any damages expert it retained in reliance on my statements regarding Payless' intent to move for bifurcation. During my conversations with Mr. Henn on the subject, he consistently indicated that Adidas would oppose any bifurcation motion which Payless filed seeking two separate trials on damages and liability issues.

4. In a subsequent email dated September 3, 2003, I again indicated to Mr. Henn that it was Payless' "intention to seek bifurcation of liability and damages phases of discovery and trial . . . ." Exhibit 2 of the Henn Declaration. In response to this September 3, 2003 email, Mr. Henn never stated or intimated that in reliance on Payless' intention to seek bifurcation, Adidas planned to stop all work by any damages expert it had retained. Instead, in an email later in the day on September 3, 2003, Mr. Henn responded by indicating that Adidas wanted to move

PAGE 2 - DECL OF W. RUDY IN SUPPORT OF DEF'S MEMO IN OPPOS TO PLTFS' MOTION FOR EXT OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

forward with discovery concerning Payless' advice of counsel defense, which at that time was an issue on which Payless planned to seek bifurcation along with other damages issues since willfulness would be a prerequisite to any award of Payless' profits on the accused shoes if liability were established. A true and correct copy of this email is attached hereto as Exhibit A.

5. I never indicated in any of my conversations with Mr. Henn, or any other representative of Adidas, that Payless' intention to file a bifurcation motion was a certainty. Never during any of my conversations with Mr. Henn prior to the formal mediation session held in this case on September 5 and 6, 2003, did he ever indicate, or even suggest, that although Adidas was going to oppose any bifurcation motion filed by Payless, Adidas nevertheless planned to halt all work on the preparation of a damages expert report until the Court ruled on any such bifurcation motion.

6. It was not until I informed Mr. Henn on September 11, 2003, that Payless had decided not to file a bifurcation motion that Mr. Henn first stated that Adidas had called a halt to the preparation of its damages-related expert report in reliance on Payless' intention to file a bifurcation motion. Specifically, Mr. Henn indicated to me during one of our conversations on September 11, 2003, that he had understood from our prior telephone conversations earlier in the week that Payless was willing to agree to postpone the deadline for initial damages expert reports, and that in reliance on his understanding of Payless' position, Adidas was not now in a position to serve its damages report by the September 12, 2003 deadline. Since it had only been three days since the parties first talked about the possibility of postponing the deadline for initial damages expert reports, I indicated to Mr. Henn that in light of his purported misunderstanding of Payless' position on the matter, Payless was willing to give Adidas three extra business days

PAGE 3 - DECL OF W. RUDY IN SUPPORT OF DEF'S MEMO IN OPPOS TO PLTFS' MOTION FOR EXT OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

until September 17, 2003, to file its initial damages expert report. *See* Exhibit 5 to the Henn Declaration.

7.  During the formal mediation session held on September 5 and 6, Payless served a mediation statement on Adidas' counsel and the mediator in which Payless cited to factual evidence and case authority showing that Adidas would have a hard time proving the willfulness necessary to recover Payless' profits under 28 U.S.C. §1117(a) and applicable 9th Circuit precedent.

I declare under penalty of perjury under the laws of the United States and the State of Oregon that the foregoing is true and correct.

_____
William A. Rudy

DATED: September 16, 2003

PAGE 4 - DECL OF W. RUDY IN SUPPORT OF DEF'S MEMO IN OPPOS TO PLTFS' MOTION FOR EXT OF TIME TO SUBMIT REPORT OF DAMAGES EXPERT

CC 1194167v1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

## Clark, Dave

**From:** Henn, Charlie [CHenn@KilpatrickStockton.com]
**Sent:** Wednesday, September 03, 2003 9:54 AM
**To:** Rudy, Bill
**Cc:** Horace, Stephen; Swann, Jerre; Stephen M. Feldman (E-mail); Clark, Dave
**Subject:** RE: Document Production

Bill-
As you are no doubt aware, the issue of bad faith is one of the factors considered in the likelihood of confusion analysis in the 9th Circuit. Thus, the issue will be raised at the liability stage even if you are successful in having the trial bifurcated. I do not understand the basis for your refusal to produce the documents now. I will call you to discuss this.
-Charlie


-----Original Message-----
**From:** Rudy, Bill [mailto:wrudy@lathropgage.com]
**Sent:** Wednesday, September 03, 2003 10:46 AM
**To:** Henn, Charlie; Rudy, Bill
**Cc:** Horace, Stephen; Swann, Jerre; Stephen M. Feldman (E-mail); Clark, Dave
**Subject:** RE: Document Production

Charlie,

As I mentioned to you during recent conversations directed to the subject of our intention to seek bifurcation of liability and damage phases of discovery and trial, we will resist discovery on the issue of our "advise of counsel" defense until the court rules on our soon-to-be filed bifurcation motion. (You said that you didn't think your client would consent to our position on bifurcation--please let me know if this is inaccurate.)

Naturally, we will cooperate with you on all discovery issues once the court decides the issue.

Please feel free to call if you'd like to discuss this matter.

Bill

-----Original Message-----
From: Henn, Charlie [mailto:CHenn@KilpatrickStockton.com]
Sent: Wednesday, September 03, 2003 9:23 AM
To: William Rudy (E-mail)
Cc: Stephen J. Horace (E-mail); Swann, Jerre; Stephen M. Feldman (E-mail)
Subject: Document Production
Importance: High


Bill-
According to Payless's mediation statement, Payless intends to rely on the opinion of counsel as a defense to adidas's allegations of bad faith. If that is true, we request that Payless immediately produce all responsive documents previously withheld on claim of attorney-client privilege. We will need to receive these documents well in advance of any further Payless depositions, including those currently scheduled for September 17 and 18. We also expect Payless to make available the previously deposed witnesses, as they were instructed not to answer questions regarding communications with counsel.
Thanks, Charlie

Exh. A, pg. 1 (Rudy Decl)

9/16/2003

R. Charles Henn Jr.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6572 (direct tel)
(404) 541-3240 (direct fax)

Confidentiality Notice: This message is intended for the addressee only and may contain material that is protected by the attorney-client privilege. If you have received this message in error, please delete it and destroy any printed copies, and notify the sender immediately.