IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADIDAS AMERICA, INC., and
ADIDAS SALOMON-AG,

        Plaintiffs,

    vs.

PAYLESS SHOESOURCE, INC.,

        Defendant.
_____

CV 01-1655-RE

OPINION AND ORDER

REDDEN, Judge:

    Before me is adidas's motion for contempt sanctions (doc. 435), in which adidas seeks an order barring Payless from asserting the "advice-of-counsel" defense to adidas's trademark and trade dress infringement claims. In addition, adidas seeks an award of attorneys' fees and costs incurred in connection with all of the discovery

1  -  OPINION AND ORDER

motions it has filed in an unsuccessful effort to obtain full and timely disclosure from Payless of the attorney-client communications supporting or negating that defense. According to adidas, despite three previous court orders, Payless's document production has been "woefully inadequate," "incomplete," and "untimely."[1]

Payless counters that it has "over-produced" advice-of-counsel documents "so as to remove any question as to its compliance with the court's orders."  According to Payless, what troubles adidas the most is that voluminous privileged communications regarding non-infringement turned over to adidas have not yielded a smoking gun. Nevertheless, Payless asserts its right to "withhold information not bearing upon infringement or non-infringement," stating that "there is often no bright line distinguishing the information 'relating in any way to whether [its] shoes infringe or do not infringe' from other privileged information."

On the other hand, adidas contends "there simply must be additional documents within the scope of the broad production Orders issued by this Court" that remain in the files of "Payless, its multiple in-house attorneys, its horde of outside counsel" and "local counsel."

Payless asserts it is amenable to the appointment of a Special Master to review all otherwise privileged documents bearing on infringement to determine which are discoverable.  adidas opposes the appointment of a Special Master because it would

---

[1] See Opinion and Order, issued Feb. 23, 2004; Order issued Apr. 13, 2004; and Order issued Oct. 19, 2006, denying Payless's request for modification of the two earlier orders.

be extremely costly, result in further delays, and, in any event, is unnecessary because adidas now seeks a contempt sanction, not additional documents.

I have no way of determining whether Payless has complied with the latest discovery order, particularly based on adidas's "expectation" of the type of documents that should have been produced. Under these circumstances, I conclude the most efficient way to resolve this issue would be for the parties to consent to the appointment of a Special Master, pursuant to Fed. R. Civ. P. 53 (1)(A), to review all arguably relevant documents and determine which are discoverable to support or negate Payless's advice-of-counsel defense. However, if the parties are unable or unwilling to reach agreement on the appointment of a Special Master, I will undertake the task of reviewing the documents in camera.

## CONCLUSION

Accordingly, plaintiff adidas's motion for contempt sanctions (doc. 435) is **DENIED.** No later than March 16, 2007, the parties shall advise the court whether they consent to the appointment of a Special Master. If they do, the court will facilitate the appointment and set deadlines for the completion of the document review.

If an agreement on a Special Master cannot be reached, Payless shall deliver to chambers on the same date, all documents, without redactions, that arguably fit within the description of the documents identified in this court's February 23, 2004, Opinion and Order, and April 13, 2004, Order. The court will review the documents in camera. Payless shall review the court's previous orders on the issue, erring on the side of inclusion if there is any doubt.

3 - OPINION AND ORDER

The case management schedule shall be adjusted as necessary.

IT IS SO ORDERED.

Dated this        day of March, 2007.


                                              _____
                                                    James A. Redden
                                              United States District Judge

4  -  OPINION AND ORDER