**Milo Petranovich, OSB No. 81337**
petranovichm@lanepowell.com
**Kenneth R. Davis, II, OSB No. 97113**
davisk@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  (503) 778-2100
Facsimile:  (503) 778-2200

    Attorneys for Defendant Payless ShoeSource, Inc.

**William A. Rudy** (Admitted *pro hac vice*)
wrudy@lathropgage.com
**David V. Clark, Esq.** (Admitted *pro hac vice*)
dclark@lathropgage.com
(Additional attorneys listed at signature)
**LATHROP & GAGE L.C.**
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2612
Telephone:  (816) 292-2000
Facsimile:  (816) 292-2001

    Of Counsel for Defendant Payless ShoeSource, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, and **ADIDAS-SALOMON AG**,<br><br>                  Plaintiffs,<br><br>v.<br><br>**PAYLESS SHOESOURCE, INC.**,<br><br>                  Defendant. | No. CV01-1655 KI (Lead Case)<br>Related Case  CV03-1116 KI<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE RULE 26 REPORT OF DR. GERALD FORD**<br><br>By Defendant Payless ShoeSource, Inc. |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE RULE 26 REPORT OF DR. GERALD FORD**

I.    **INTRODUCTION**

There are hundreds, if not thousands, of styles of shoes in the world that contain two or four parallel stripes but look nothing alike. It would be impossible to identify, let alone describe, all of these different shoes. Yet adidas' Memorandum in Opposition to Payless' Motion to Strike the Rule 26 Report of Dr. Gerald Ford (the "Response") would have the Court believe that, so long as a shoe contains two or four parallel stripes, it could be implicated as infringing adidas' shoes through a simple stroke of Dr. Ford's pen. Under adidas' logic, it would not matter if the shoe were blue or yellow, whether it had laces or Velcro, whether it had serrated stripes or non-serrated stripes, whether it was made of leather or canvas, whether it had a steel toe or a rubber toe, whether the stripes were single colored or multi-colored.. According to adidas, all that matters are the stripes. Adidas believes that if the shoe has two or four stripes and Dr. Ford says it reminds him of a shoe that he has previously surveyed, then Dr. Ford should be allowed to offer testimony at trial that adidas should be awarded damages as a result of the shoe. According to adidas, Dr. Ford should be allowed to offer such testimony even if the shoe on which he conducted the survey does not look anything like the accused shoe or was even sold by the same company as the accused shoe.

Not surprisingly, Payless disagrees. Payless believes that such testimony is highly prejudicial and entirely unreliable and, as such should not be presented to a jury.

This is but one of multiple aspects of adidas' Response that Payless believes warrants rebuttal. However, the Court's Order setting an accelerated due date for adidas' Response appears to indicate the Court's desire to bring the briefing on this issue to a quick conclusion. As such, Payless has chosen to only address this single, critical issue in its reply. However, this

PAGE 1 -  REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE RULE 26
   REPORT OF DR. GERALD FORD

should not be viewed as an indication by Payless that it agrees with Adidas' position on any of the other issues addressed in its Response or that Payless believes its positions on those other issues is any less valid than this issue discussed below.

## II.     ARGUMENT AND AUTHORITY

A.    **Adidas' "Shared Common Features" Argument Ignores The Multiple And Obvious Dissimilarities Between The 214 Payless Lots Accused Of Infringing Only Adidas' Three-Stripe Mark.**

Adidas' Response goes to great lengths to manipulate a single phrase – "shared common features" – into an excuse for its failure to commission a survey from Dr. Ford or any other expert on a single one of the 214 Payless lots that are accused only under adidas' Three Stripe Mark claims. Adidas' efforts, however, do not withstand even basic scrutiny.

Payless used the "shared common features" phrase in reference to the 37 Payless lots accused by Adidas prior to the stay as infringing its alleged Superstar trade dress. The reason Payless stated these lots shared common features can best be demonstrated by simply referring to the photographs attached on Page 1 of Payless' Memorandum in Support of its Motion to Strike Dr. Ford's Rule 26 Report (the "Memorandum"). Four of these thirty-seven lots are depicted on that page, pictures which clearly reveal why Payless stated that these shoes share common features. Had all thirty seven lots been depicted on this page (as they are in Exhibit C of the Declaration of R. Cameron Garrison in support of the Memorandum ("Garrison Decl.")), all thirty-seven lots would have demonstrated the same similarities. The point of Payless' "shared common features" comment was that, while Payless disputes several aspects of the survey Dr. Ford conducted on one of these thirty-seven lots, Payless at least acknowledges that the

PAGE 2 -  REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE RULE 26
                REPORT OF DR. GERALD FORD

similarities, or "common features," of these lots made it arguably proper for Dr. Ford to conduct a single survey on a single shoe and extrapolate those findings to each of those thirty-seven lots.

Adidas, however, submits that this "shared common features" argument should also extend to the 214 Payless lots that are accused only of infringing adidas' Three Stripe Mark and not its alleged Superstar Trade Dress. Eight of these lots are depicted on Page 2 of Payless' Memorandum. One need not be an expert in trademark surveys to observe that these shoes look nothing like the alleged Superstar infringements depicted on page 1 of the Memorandum, nor, for that matter, anything like one another. That same conclusion would be reached upon review of pictures of each of these 214 Payless lots, which are included in Exhibit D to the Garrison Decl. There is simply no logical support for adidas' attempt to extend Payless' "shared common features" commentary regarding the similarities between the alleged-Superstar-infringing Payless lots to these 214 unrelated lots.

Adidas attempts to circumvent this problem by claiming that each of these 214 lots do share one common feature – two or four parallel stripes angling forward from the sole to the lacing area. Adidas argues that because each of these shoes has two or four stripes, and because each of the shoes used in Dr. Ford's surveys in other cases also have two and four stripes, that Dr. Ford should be able to attribute the findings of his surveys in those other non-Payless cases to the 214 Payless lots in this case.

Again, a simple review of the actual evidence proves the fallacy of adidas' claims. Pictures of the ten non-Payless shoes used by Dr. Ford in surveys in other cases are contained on pages 6 through 9 of the declaration he filed (Doc. #657) in support of adidas' Response. Those ten non-Payless shoes are depicted next to Payless lots intended to best demonstrate why

PAGE 3 -  REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE RULE 26
         REPORT OF DR. GERALD FORD

Dr. Ford should be allowed to extrapolate his findings in those other surveys to Payless shoes. Yet even these pictures hand-selected by adidas fail to justify Dr. Ford's actions. The majority of the Payless shoes are noticeably different than the third-party counterparts to which they are being compared. And even those that do have some similarity to their third-party counterpart are, with one exception, lots that are accused of infringing the alleged Superstar trade dress. If Dr. Ford's declaration proves anything, it is just how improper it is for him to attempt to apply his findings in those other cases to any of the Payless lots accused of infringing only the Three-Stripe Mark.

This fact is amplified when examining Exhibit D to the Garrison Decl. Exhibit D contains each of the 231 Payless lots added to the case by adidas following the stay. When the 17 such lots that are accused of infringing the alleged Superstar trade dress are removed, the 214 lots accused of infringing only the Three-Stripe Mark remain. Comparison of these photographs to the 10 non-Payless shoes in Dr. Ford's declaration perfectly illustrates Payless' position. The vast majority of these shoes look absolutely nothing like the third-party shoes to which Dr. Ford has sought to compare them.

Moreover, adidas' own argument is undermined by the fact that it did conduct eleven different surveys in these eleven different cases. If any shoe with two or four stripes had "shared common features" such that it would be implicated by the results of any single survey on any other shoe containing two or four stripes, then adidas would need only have commissioned a single survey to apply to all of these eleven different cases. Under adidas' logic, the results of the survey conducted on a Payless four-stripe shoe in 2002 could have been extrapolated to any two or four stripe shoe made by any other company. If that were indeed the case, why would

PAGE 4 -   REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE RULE 26
           REPORT OF DR. GERALD FORD

adidas have gone to the trouble – and apparently over $1,000,000 in expense – to commission ten additional surveys in ten other cases? Quite obviously, it would not have. Adidas is grasping at straws to justify its failure to conduct the requisite surveys in this case.

**B.      Adidas Has Failed To Even Attempt To Refute The Fact That Dr. Ford Failed To Consider In Any Way 109 Of the Accused Lots.**

On page 11 of its Memorandum, Payless noted that Dr. Ford's report contained no mention at all of 109 of the lots that have been accused by Adidas in this case. Dr. Ford did not even try to include these lots in his misguided attempt to use surveys from other cases to somehow implicate Payless' shoes, choosing instead to ignore these lots altogether. Adidas has now replicated Dr. Ford's omission, neglecting to offer even a single sentence refuting this fact in its Response. Adidas has obviously acknowledged Dr. Ford's failure in this regard. As a result, at a very minimum, Dr. Ford should be precluded from offering any testimony at trial on any of these 109 lots.

PAGE 5 -   REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE RULE 26 REPORT OF DR. GERALD FORD

### III.   CONCLUSION

Adidas' after-the-fact attempts to justify Dr. Ford's failure to conduct any survey at all addressing 214 of the accused Payless lots must not stand. Dr. Ford's survey should be stricken, and Dr. Ford prevented from offering any testimony at all regarding the 108 accused lots which he has attempted to implicate through adoption of surveys and reports conducted in other cases. Moreover, Dr. Ford should be further barred form offering any testimony regarding the 109 accused lots that his report fails to address in any way.

DATED:  October 30, 2007

        LANE POWELL PC

        By    /s/ Kenneth R. Davis, II
          Milo Petranovich, OSB No. 81337
          Kenneth R. Davis, II, OSB No. 97113
          Telephone: (503) 778-2100

        LATHROP & GAGE L.C.
          Michael G. Martin (admitted *pro hac vice*)
          William A. Rudy (admitted *pro hac vice*)
          David V. Clark (admitted *pro hac vice*)
          Stephen J. Horace (admitted *pro hac vice*)
          Gerald M. Kraai (admitted *pro hac vice*)
          Bridget A. Short  (admitted *pro hac vice*)
          R. Cameron Garrison (admitted *pro hac vice*)
          Travis W. McCallon (admitted *pro hac vice*)
          David R. Barnard (admitted *pro hac vice*)
          Phillip S. Lorenzo (admitted *pro hac vice*)
          Michael J. Roche (admitted *pro hac vice*)
          Telephone: (816) 292-2000

        Attorneys for Defendant Payless ShoeSource, Inc.

PAGE 6 -  REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE RULE 26
          REPORT OF DR. GERALD FORD