UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ADIDAS AMERICA, INC. and ADIDAS-SOLOMON AG, | CV 01-1655-KI |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| PAYLESS SHOESOURCE, INC., | |
| Defendant. | |

KING, Judge:

      adidas-America, Inc. and adidas-Salomon AG (collectively, "adidas") filed this action against Payless Shoesource, Inc. ("Payless") for trademark and trade dress infringement, dilution, and related federal and state law claims. On December 21, 2007, this court granted summary judgment to adidas as to, inter alia, Payless' laches, estoppel, and waiver affirmative defenses. Now before the court is Payless' Motion for Reconsideration of the Court's December 21, 2007

PAGE 1 - OPINION AND ORDER

Order Granting Summary Judgment to Plaintiffs on Defendant's Affirmative Defenses of Laches, Waiver, and Estoppel (doc. 669). For the reasons set forth below, the motion is DENIED.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Federal Rule of Civil Procedure 54(b) authorizes the court to modify an interlocutory order, such as the December 21, 2007 Opinion and Order (the "Order"), "which adjudicates fewer than all of the claims . . . at any time before entry of judgment adjudicating all of the claims." See also Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005) (The Ninth Circuit has "long recognized the well-established rule that a district court judge always has the power to modify or to overturn an interlocutory order or decision while it remains interlocutory.") (citation omitted). Reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County, Or. v. ACANDS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Payless acknowledges that its motion is not based upon any change in controlling law, or any newly discovered evidence. Thus, the motion can succeed only if Payless demonstrates that this court's Order was clearly in error, or would result in manifest injustice.

Payless argues that the Order "improperly deprived" Payless of the opportunity to avail itself of the presumption of laches. Memo in Supp., at 1. To prevail on a laches defense, a

PAGE 2 - OPINION AND ORDER

defendant must prove: (1) the claimant unreasonably delayed in filing suit; and (2) as a result of the delay, the defendant suffered prejudice. Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002). A presumption of both unreasonable delay and prejudice arises if a plaintiff files suit more than two years after the plaintiff knew or should have known of the alleged infringer's activity. Id. at 836.[1]

The Federal Circuit discussed at length the bursting bubble theory of presumptions in A.C. Aukerman Co. v. R.L Chaides Constr. Co., 960 F.2d 1020, 1037-39 (Fed. Cir. 1992) (laches in the context of patent infringement). If the presumption applies, the burden of production shifts to the plaintiff to come forward with sufficient evidence to raise a genuine issue of fact concerning either unreasonable delay or prejudice. Id. at 1037-38. The presumption "completely vanishes upon the introduction of evidence sufficient to support a finding of the nonexistence of a presumed fact" (*i.e.*, no unreasonable delay or no prejudice). Id. at 1037. The plaintiff may satisfy this burden, and thereby eliminate the presumption, by producing a "minimum quantum of evidence" sufficient to raise a genuine factual issue as to undue delay or prejudice. Id. The plaintiff may also offer proof that it did not delay more than two years after it knew or should have known of the alleged infringer's activity. "If a [plaintiff] is successful on this factual issue, no presumption arises." Id. at 1038.

In the Order, I did not directly address the issue of this presumption. I did find that there were disputed issues of material fact as to whether adidas knew or should have known of Payless'

---

[1]Whether the presumption of laches applies is determined in light of the time allotted by the analogous state law limitations period. Jarrow Formulas, 304 F.3d at 838-39. adidas' claims are governed by Oregon's two-year statute of limitations for fraud claims, Or. Rev. Stat. § 12.110. Johannsen v. Brown, 797 F. Supp. 835, 839-40 (D. Or. 1992).

PAGE 3 - OPINION AND ORDER

allegedly infringing activities prior to November 1999.

Payless contends that because the court found that the length of adidas' delay was a matter of genuine dispute, "it remains possible that Payless will be entitled to a presumption of laches." See Reply in Support, at 1. Payless further argues that "[u]nless [adidas] shows that Payless could not prevail on its laches defense, even if both elements of laches were presumed, adidas is not entitled to judgment as a matter of law." Id. In effect, Payless argues that even though the court found genuine issues of material fact which precluded a presumption of laches, adidas still bears the burden of disproving unreasonable delay and prejudice to Payless. In other words, Payless is entitled to a presumption of laches even though it failed to establish that it was so entitled. This argument is flawed.

The presumption of laches simply does not arise if there are any disputed issues of material fact as to when the plaintiff knew or should have known of the alleged infringer's activity, and thus whether the plaintiff filed suit outside the analogous statute of limitations period. A.C. Aukerman, 960 F.2d at 1037-38; see also Gloster v. Relios, Inc., No. 01-7140, 2006 WL 1737800, at *1 (E.D. Pa. June 26, 2006) (rejecting defendant's contention that the presumption of laches applied because there were issues of fact as to when plaintiff learned of its cause of action). Payless cites no authority to the contrary and the court is aware of none. Unlike the present case, the cases to which Payless cites all applied the presumption of laches because the defendant established, as an undisputed fact, that the plaintiff filed its infringement action after the analogous limitations period had passed.

Accordingly, under Aukerman, a presumption of laches does not arise because of the factual issue of when adidas knew or should have known of the allegedly infringing activities.

PAGE 4 - OPINION AND ORDER

Even if the presumption arose, it completely vanished on "introduction of evidence sufficient to support a finding of the nonexistence of the presumed fact." Aukerman, 960 F.2d at 1037. "Once a presumption of laches arises, the patentee may offer proof directed to rebutting the laches factors. Such evidence maybe directed to showing either that the patentee's delay was reasonable or that the defendant suffered no prejudice or both. By raising a genuine issue respecting either factual element of a laches defense, the presumption of laches is overcome." Id. at 1038 (internal citation omitted).

In ruling in favor of adidas on Payless' laches defense, I noted that "[e]ven though there are genuine issues of fact as to whether adidas' delay in filing suit was unreasonable, I conclude . . . Payless cannot demonstrate that it suffered prejudice as a result of adidas' delay." Opinion and Order, at 60-61. Consequently, even if the presumption arose, it vanished on the strength of adidas' proof, and Payless' inability to raise a factual issue, concerning the lack of prejudice. Next, I explain why I am unpersuaded by Payless' arguments on reconsideration concerning prejudice.

Payless disputes the court's finding that Payless cannot demonstrate expectations-based prejudice because Payless uses stripes merely for decoration, and not as a trademark. "[C]ourts that have found expectations-based prejudice . . . have done so only where the defendant was using the infringing word or design as a trademark, and thus had built up goodwill in the mark as a designation of source." Opinion and Order, at 62-63 (citing Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n, 311 F. Supp. 2d 1023, 1039 (D. Or. 2004), aff'd, 465 F.3d 1102 (9th Cir. 2006) (finding expectation-based prejudice where defendant "actually spent money promoting its brand name," thereby "occasioning substantial goodwill for [it]") (emphasis

PAGE 5 - OPINION AND ORDER

added); Jarrow Formulas, 304 F.3d at 839 ("If [plaintiff] had filed sooner, [defendant] could have invested its resources in shaping an alternative identity . . . in the minds of the public.") (emphasis added); Grupo Gigante SA De CV v. Dallo & Co., Inc., 391 F.3d 1088, 1105 (9th Cir. 2004) ("[A] defendant can make the required showing of prejudice by proving that it has continued to build a valuable business around its trademark during the time that the plaintiff delayed the exercise of its legal rights."); Bridgestone/Firestone Research, Inc. v. Automotive Club De L'Quest De La France, 245 F.3d 1359, 1363 (Fed. Cir. 2001) ("Economic prejudice arises from investment in and development of the trademark, and the continued commercial use and economic promotion of a mark over a prolonged period . . . .") (emphasis added); McCarthy § 31:12 ("Laches is a good defense if plaintiff's long failure to exercise its legal rights has caused defendant to rely to his detriment by building up a valuable business around its trademark.") (emphasis added));  see also Miller v. Glenn Miller Prods., 318 F. Supp. 2d 923, 944 (C.D. Cal. 2004), aff'd, 454 F.3d 975 (9th Cir. 2006) (granting laches because of the "tremendous loss of goodwill defendant would suffer . . . if now forced to discontinue selling merchandise and operating or sublicensing [the trademark]"); Landers, Frary, & Clark v. Universal Cooler Corp., 85 F.2d 46, 49 (2d Cir. 1936) (J. Hand) (holding that laches is premised, in part, on the notion that it would be inequitable to allow a dilatory plaintiff to divest a defendant of its trade name, and the goodwill it has built around that name, thereby requiring the defendant to "recast" its entire business identity and "re-educate" its consumers). Despite this precedent, Payless argues this "trademark use" rule is not supported by the case law. Payless fails, however, to cite any cases in which a court found expectations-based prejudice in the absence of the defendant using the infringing mark as a trademark, or in the absence of evidence of present or future

PAGE 6 - OPINION AND ORDER

transactional obligations that defendant entered into due to plaintiff's delay. Here, Payless has proffered no such evidence.

Payless notes that an "increase in potential damages" can be a basis for finding expectations-based benefits. Payless, however, has proffered no evidence that it has actually suffered any increase in potential damages as a result of adidas' delay, or that adidas has been "intentionally [lying] silently in wait watching damages escalate." A.C. Aukerman, 960 F.2d at 1033. Payless' "increase in potential damages" argument is further undermined by the fact that it expanded its allegedly infringing activities after adidas filed suit. It is difficult to see how such activity could reasonably be described as prejudice for the purposes of laches. Cf. Meyers v. Asics Corp., 974 F.2d 1304, 1308 (Fed. Cir. 1992), aff'd, 78 F.3d 605 (Fed. Cir. 1999) (reversing summary judgment on laches because "[n]one of the defendants submitted evidence that they curtailed design and development of infringing shoes in response to the suit once it was filed.").

Payless contends that the court's finding that Payless failed to show evidentiary prejudice was clear error because: (1) a party can prove evidentiary prejudice by showing lost evidence that would support only its laches defense (as opposed to evidence that goes to the merits of adidas' claims); and (2) certain adidas' witnesses could not recall trademark-enforcement efforts during the 1990s. In the Order, I concluded that Payless failed to identify any "specific" missing evidence or witnesses, whose "absence has resulted in [Payless'] inability to present a full and fair defense on the merits." Opinion and Order, at 61-62 (citing Freeman v. Gerber Prods. Co., 466 F. Supp. 2d 1242, 1246 (D. Kan. 2006)); see also A.C. Aukerman, 960 F.2d at 1033 (Evidentiary prejudice "may arise by reason of a defendant's ability to present a full and fair defense on the merits."). Payless cites no authority that actually supports the proposition that lost

PAGE 7 - OPINION AND ORDER

evidence pertaining solely to an affirmative defense is sufficient to support a finding of evidentiary prejudice.  In Gillions v. Shell Co. of Cal., 86 F.2d 600 (9th Cir. 1936), the court found evidentiary prejudice because the patentee's witness could not recall facts related to the date on which the patentee recorded the invention—evidence that went to the merits of the patent validity claim, not the defendant's estoppel defense.  Id. at 608-09.  Thus, Gillions is inapposite.

Even if evidentiary prejudice could be established by lost evidence pertaining solely to a laches defense, I found that Payless "failed to identify any specific missing evidence or witnesses." Opinion and Order, at 61-62 (emphasis in original).  "Conclusory statements that there are missing witnesses, that witnesses memories have lessened, and that there is missing documentary evidence, are not sufficient" to establish evidentiary prejudice.  Meyers v. Asics Corp., 974 F.2d at 1308.  Payless now points to specific deposition testimony, which purportedly demonstrates that adidas' former counsel do not recall certain facts regarding adidas' enforcement efforts during the 1970s, 80s, and 90s.  Payless failed, however, to cite any of that deposition testimony in its summary judgment briefings.  Moreover, much of that testimony does not appear in the record at all.[2]  As such, the evidence is not properly before the court.  See adidas America, Inc. v. Kmart Corp., No. 05-CV-120, 2007 WL 2915594, at *3 (D. Or. Oct. 3, 2007) (declining to reconsider its prior ruling on laches based on late evidence that was readily available to defendant before summary judgment).  In any event, Payless fails to explain how it is prejudiced by the purportedly faulty and degraded memories of adidas' former counsel.

Next, Payless asserts that it was clear error to grant adidas summary judgment on Payless'

---

[2]Payless' citations to the following portions of the testimony of Susheela Jayapal do not appear in the record: 58:20-60:9; 71:8-21; 109:3-112:8; 146:13-21; and 150:14-173:11.  None of Payless' citations to the deposition testimony of Robert Erb appear in the record.

PAGE 8 - OPINION AND ORDER

equitable estoppel defense because the court improperly narrowed the prejudice that will support the defense. As discussed supra, I disagree. Payless cites no case law in support of its position. Payless' arguments regarding the meaning of the 1994 Settlement Agreement and its purported reliance on the agreement simply rehash arguments that Payless made—and I rejected—at summary judgment. As such, reconsideration is inappropriate.

Finally, Payless contends that the court's grant of summary judgment to adidas on Payless' waiver defense was in error because: (1) adidas signed the 1994 Agreement with Payless, which prohibited the sale of double-serrated stripes, but not straight stripes; and (2) adidas' general counsel purportedly represented to Payless' counsel that Payless would be able to use non-serrated stripes. The latter point was not offered by Payless in support of its waiver defense at the summary judgment stage, and thus the argument is waived. See Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985) (a party is not entitled to reconsideration based on evidence that was available but not raised, at summary judgment). As noted in the Order, "[t]he inclusion of two- and four-stripe shoes in the final 1994 Settlement Agreement indicates that adidas objected to Payless' use of potentially infringing two- or four-parallel stripes." Opinion and Order, at 59. Just as that objection cannot be reasonably characterized as adidas sleeping on its rights, it cannot reasonably be characterized as the "intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." United States v. King Features Entm't, Inc., 843 F.2d 394, 399 (9th Cir. 1988) (emphasis added).

I am not persuaded that summary judgment in favor of adidas on Payless' laches, estoppel, and waiver defenses was clear error, or manifestly unjust. Payless has, in essence, asked this court to "rethink matters already decided." Am. Rivers v. NOAA Fisheries, No. CV

PAGE 9 - OPINION AND ORDER

04-00061-RE, 2006 WL 1983178, at *2 (D. OR. July 14, 2006).   Accordingly, Payless' Motion for Reconsideration (doc. 669) is DENIED.

    IT IS SO ORDERED.

    DATED this   10th   day of March, 2008.

    /s/ Garr M. King
    Garr M. King
    United States District Judge

PAGE 10 - OPINION AND ORDER